**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Gary B. Schmidt**, | Bankruptcy No. 14-37309 |
| Debtor. | Honorable Bruce W. Black |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION**
**OF FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Gary B. Schmidt |
| Period for Which Compensation is Sought: | March 13, 2015 – November 30, 2015 |
| Amount of Fees Sought: | $12,110.00 |
| Amount of Expense Reimbursement Sought: | $871.03 |
| This is a: | First and Final Application |

    The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $ 0.00 .

{00075673}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Gary B. Schmidt**, | Bankruptcy No. 14-37309 |
| Debtor. | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, December 9, 2016, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 11, 2016         **FactorLaw**

                                 By: /s/ Ariane Holtschlag
                                 One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00075673}                          2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 11, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Ariane Holtschlag

**Registrants**
(Service via ECF)

| | |
|---|---|
| John P Cooney | jcooney@ccvmlaw.com |
| James M. Crowley | jcrowley@crowleylamb.com, docket@crowleylamb.com;mmusto@crowleylamb.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Peter N Metrou | met.trustee7@att.net, met.trustee_backup@att.net,pnmlawyer@aol.com, pmetrou@ecf.epiqsystems.com |
| Francis J. Pendergast | fpendergast@crowleylamb.com, mfarhoud@crowleylamb.com;docket@crowleylamb.com |
| John F. Sullivan | jsullivan@crowleylamb.com, luribe@crowleylamb.com;docket@crowleylamb.com |
| Zane L Zielinski | trustee@zanezielinski.com, fax@zanezielinski.com |

BMO Harris Bank,NA
111 W. Monroe
Chicago, IL 60603-4095

BMO Harris Bank
Francis J Penergast III/Crowley & Lamb
221 N LaSalle Street Suite 1500
Chicago, IL 60601-1285

CITI
PO Box 6243
Sioux Falls, SD 57117-6243

Harris Bank, N.A.
111 W. Monroe
Chicago, IL 60603-4095

Ivy Homes, Incorporated
3827 Mandeville LN
Naperville, IL 60564-5190

John Sullivan
Crowley & Lamb PC
221 N. LaSalle St, Ste 1550
Chicago, IL 60601-1224

PNC
2650 Warrenville Rd
Downers Grove, IL 60515-2074

Susan A Humenik-Schmidt
3827 Mandeville Ln
Naperville, IL 60564-5190

Wells Fargo
PO Box 14411
Des Moines, IA 50306-3411

Gary B Schmidt
3827 Mandeville Ln
Naperville, IL 60564-5190

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Gary B. Schmidt**, | Bankruptcy No. 14-37309 |
| Debtor. | Honorable Bruce W. Black |

**FACTORLAW'S FIRST AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Gary B. Schmidt (the "*Debtor*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$12,110.00** for legal services performed by FactorLaw during the period of March 13, 2015 through November 30, 2015 (the "*Application Period*") and **$871.03** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00075673} 4

## BACKGROUND

### I. The Bankruptcy Case.

4. On October 15, 2014, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. The Court approved the Trustee's retention of FactorLaw on March 13, 2015.

7. On October 14, 2016, Zane Zielinski substituted as counsel for the Trustee effective as of December 1, 2015.

### II. The Investigation.

8. FactorLaw was retained to investigate various issues, including transfers of three pieces of Illinois real estate (the "**Real Estate**") and transfers made from an HTA Stock Account valued in excess of $200,000 (the "**Account**") by the Debtor to his spouse and/or to his spouse's trust.

9. The Trustee had reason to believe that the Debtor, and an attorney that had done work for the Debtor, fraudulently transferred the Real Estate in anticipation of his bankruptcy filing, and in anticipation of the entry of a judgment in favor of the Debtor's largest creditor a state court lawsuit (the "**Judgment**").

10. The Trustee was also aware of a fraudulent transfer lawsuit pending in state court in connection with the Judgment that addressed some of the same issues FactorLaw was hired to investigate (the "**State Court Lawsuit**")

11. Upon investigation, the FactorLaw determined that a series of deeds drafted and executed to convey the Real Estate may have been back

dated and fraudulently signed and notarized. FactorLaw further determined that a large number of shares in the Account were transferred by the Debtor's company to the Debtor's wife. At the time of the transfer, the Debtor's company was on the eve of default on a substantial loan that led to the Judgment. The Debtor was a guarantor of his company's loan. FactorLaw also determined that many of the transfers of the Real Estate and from the Account were made within the applicable fraudulent transfer periods.

12. In furtherance of its investigation, FactorLaw issued numerous subpoenas to various entities, seeking to put together a timeline showing any transfers that the Debtor made in the years prior to the Petition Date. FactorLaw also took a Rule 2004 examination of the Debtor seeking additional information regarding the transfers of the Real Estate and transfers made from the Account, among others.

13. FactorLaw worked with plaintiff's counsel in the State Court Lawsuit to determine the posture of the transfers of the Real Estate, and to glean any additional information regarding any other transfers the Debtor may have made in anticipation of entry of the Judgment and his bankruptcy filing.

14. Ultimately, after its independent investigation and its communications with counsel in the State Court Lawsuit, FactorLaw determined that the Trustee had reason to pursue a fraudulent transfer action against the Debtor. Accordingly, FactorLaw drafted an adversary complaint for fraudulent transfer, among other things.

15. Before filing the adversary, though, FactorLaw initiated settlement discussions with the Debtor in an attempt to avoid potentially costly and fact intensive litigation.

# FEE APPLICATION

## I. Services performed.

16. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

17. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*A. Summary of Services by professional.*

18. FactorLaw spent a total of 46.9 hours at a cost of $12,110.00 in connection with this Case.

19. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $250 | .1 | $25.00 |
| Thomas Griseta | Associate | $150 | 20.4 | $2,845.00 |
| Zane Zielinski | Of Counsel | $350 | 26.4 | $9,240.00 |
| | | **Totals:** | **46.9** | **$12,110.00** |

*B. Itemization of fees by category of Services rendered.*

20. **Asset Investigation and Recovery**. FactorLaw spent all 46.9 hours at a cost of $12,110.00 investigating the Debtor's various assets including but not limited to the transfer of the Real Estate and transfers or draws made on the Account, and investigating potential causes of action including fraudulent transfers belonging to the Estate.

21. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $250 | .1 | $25.00 |
| Thomas Griseta | Associate | $150 | 20.4 | $2,845.00 |
| Zane Zielinski | Of Counsel | $350 | 26.4 | $9,240.00 |
| | | Totals: | 46.9 | $12,110.00 |

## II.  Expenses

22.    FactorLaw incurred $871.03 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

23.    FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III.  FactorLaw's retention was appropriate through the Application Period

24.    During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

25.    No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

26.    Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

{00075673}                                   8

## BASIS FOR THE REQUESTED RELIEF

27.     Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

28.     In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

29.     The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

30.  Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

31.  The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $258.21. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$12,110.00**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$871.03**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$12,981.03**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: November 10, 2016                **FactorLaw**

                                        By: */s/ Ariane Holtschlag*

{00075673}                          10

               One of Its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00075673}       11